# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  November 25, 2025

```
*  *  *  *  *  *  *  *  *  *  *  *  *  *
DANIEL EGAN, M.D.,                      *
                                        *
            Petitioner,                 *        No. 20-1569V
                                        *
v.                                      *        Special Master Gowen
                                        *
SECRETARY OF HEALTH                     *
AND HUMAN SERVICES,                     *
                                        *
            Respondent.                 *
*  *  *  *  *  *  *  *  *  *  *  *  *  *
```

*David Charles Richards*, Christensen & Jensen, P.C., Salt Lake City, UT, for Petitioner.
*Sarah Black Rifkin*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On February 21, 2025, Daniel Egan, M.D., ("Petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 72). For the reasons discussed below, I **GRANT IN PART** Petitioner's motion for attorneys' fees and costs and award a total of **$109,027.13.**

### I.    Procedural History

On November 12, 2020, Daniel Egan, M.D., ("Petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that he suffered from brachial neuritis and Parsonage-Turner Syndrome as a result of the influenza vaccination he received on October 4, 2018. Petition at Preamble, ¶ 3. On August 1, 2024, the

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) (Vaccine Act or the Act. All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

parties filed a stipulation, which I adopted as my decision awarding compensation on August 2, 2024. (ECF No. 67).

On February 21, 2025, Petitioner filed a motion for attorneys' fees and costs. Fees App. at 1. Petitioner requests compensation in the total amount of $114,860.95, representing $105,220.80 in attorneys' fees and $9,640.15 in costs. *Id*. Pursuant to General Order No. 9, Petitioner warrants he has not personally incurred any costs in pursuit of her claim. Fees App. Tab D. Respondent reacted to the fees motion on March 4, 2025, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 74). Petitioner did not file a reply.

The matter is now ripe for adjudication.

## II.    Analysis

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation pursuant to a stipulation, he is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a.  Attorneys' Fees

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Avera, 515 F.3d at 1348 (quoting *Blum,* 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of Petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera,* 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. Id. This is known as the Davis County exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA,* 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No 09-293V, 2015 WL 5634323, at *19 (Fed. Cl.

2

Spec. Mstr. Sept. 1, 2015) motion for recons. denied, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015-2016 and from 2017-2025, which can be accessed online.

Petitioner requests the following hourly rates for the work of her counsel: for Mr. David C. Richards, $343.00 per hour for work performed in 2020, $352.00 per hour for work performed in 2021, $362.00 per hour for work performed in 2022, $375.00 per hour for work performed in 2023, $390.00 per hour for work performed in 2024, and $406.00 per hour for work performed in 2025; and for Mr. Jeffrey D. Enquist, $278.00 per hour for work performed in 2020, $292.00 per hour for work performed in 2021, $305.00 per hour for work performed in 2022, and $324.00 per hour for work performed in 2023.[3] Petitioner also requests rates between $113.00 and $124.00 for work of their counsel's paralegals performed from 2020 to 2024.

I find that the 2020 to 2024 rates are consistent with what counsel have previously been awarded for their Vaccine Program work and finds them to be reasonable herein. I also find that Mr. Richards' 2025 rate is reasonable and appropriate and will grant the rate as requested.

Turning next to review of the submitted billing statement, the overall time spent on this matter is largely reasonable; however, a small reduction is necessary. I find that the number of hours Mr. Richards spent on preparing the motion for attorneys' fees and costs was excessive. Mr. Richards spent 25.3 hours, totaling $10,039.80, preparing the fee motion. I find it reasonable to reduce this amount by 50% percent, resulting in a reduction of **$5,019.90**.

The remaining entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of **$100,200.90**.[4]

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests attorneys' costs in the amount of $9,579.01. This amount is comprised of acquiring medical records, the Court's filing fee, postage, and PACER fees related to online research. *See* Fees App. Tab B. These administrative costs are typical in Vaccine Program cases and largely supported with appropriate documentation. However, Petitioner's counsel did not provide cost documentation for costs related to research and PACER and Thomson Reuters, which results in a reduction of $752.78.[5] Therefore, Petitioner is entitled to final attorneys' costs of **$8,826.23**.

---

[3] According to the fee motion, Mr. Enquist left the Christensen & Jensen, P.C. and began working at Fabian VanCott. Fees App. at 7. Mr. Enquist remained on this case; however, the remainder of the fees he incurred ($17,055.80) were billed by Fabian VanCott. *Id.*

[4] This amount is calculated as: ($88,165.00 (billed by Christensen & Jensen, P.C.) - $5,019.00 (reduction)) = ($83,145.10) + ($17,055.80 (billed by Fabian VanCott)) = $100,200.90. *Id.*

[5] This amount is calculated as: $4.90 + $4.90 + $0.80 + $9.70 + $13.40 + $42.30 + $30.80 + $28.10 + $59.80 + $25.20 + $316.60 + $23.10 + $3.25 + $12.90 + $157.93 + $8.20 + $10.90 = $752.78

### III.    Conclusion

In accordance with the foregoing, I hereby **GRANT IN PART** Petitioner's motion for attorneys' fees and costs and find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| Christensen & Jensen, P.C. | |
|---|---|
| Attorneys' Fees Requested | $88,165.00 |
| (Reduction of Fees) | ($5,019.90) |
| **Total Attorneys' Fees Awarded** | **$83,145.10** |
| | |
| Attorneys' Costs Requested | $9,579.01 |
| (Reduction of Costs) | ($752.78) |
| **Total Attorneys' Costs Awarded** | **$8,826.23** |
| **Total Attorneys' Fees and Costs:** | **$91,971.33** |
| | |
| **Fabian VanCott** | |
| Attorneys' Fees and Costs Requested | $17,055.80 |
| (Reduction of Fees and Costs) | - |
| **Total Attorneys' Fees and Costs Awarded** | **$17,055.80** |
| | |
| **Total Attorneys' Fees and Costs:** | **$109,027.13** |

**Accordingly, I award:**

1) **A lump sum in the amount of $91,971.33 representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Mr. David C. Richards' IOLTA account for prompt disbursement.**

2) **A lump sum in the amount of $17,055.80 representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Mr. Jeffrey D. Enquist's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance herewith.[6]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[6] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).